UPON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of the motion for rehearing filed by appellant, N K Fields, we grant same and do hereby withdraw our earlier opinion which was filed on May 22, 1985. We substitute therefor the following:
During the pendency of a circuit court action wherein Mr. N K Fields was a party, Fields filed a pro se motion to recuse the trial judge because of bias, prejudice and other alleged misconduct. That same trial judge entered an order requiring Fields to show cause why he should not be held in criminal contempt on account of the recusal allegations. Despite Fields’ additional motion seeking to disqualify the trial judge from conducting the contempt proceeding, that same trial judge conducted the contempt hearing and found Fields to be guilty of criminal contempt. Fields was thereupon sentenced to five months and twenty-seven days in the county jail with all but two days of such sentence being stayed. Fields appeals. We reverse and remand with directions.
In our opinion, the trial judge charged with bias and prejudice erroneously refused to recuse himself from conducting the contempt proceeding so that one of his fellow judges, who was neutral and not under attack, could take his place. Fields’ charges against the trial judge were not made during the actual trial proceeding. There was this time frame:
July 20, 1983, Fields filed his motion to recuse with the clerk.
July 26, 1983, Fields filed additional charges.
August 18, 1983, the trial court entered an order for Fields to show cause why he should not be held in contempt.
August 25, 1983, a preliminary hearing was conducted on the contempt charge. October 7, 1983, a final hearing was conducted on the contempt charge.
October 21, 1983, the order, judgment and sentence on the contempt charge was entered.
Thus, there were no needs, exigencies, or reasons that stood in the way of the assigned trial judge from stepping aside so that another judge, not under fire from Fields, could dispassionately make the adjudication.
We hold that the refusal of the trial judge, under the circumstances, to recuse himself from conducting the hearing upon the contempt charges which he initiated deprived Fields of his rights of basic due process assured to him under the United States Constitution. Mayberry v. Pennsylvania, 400 U.S. 455, 915 S.Ct. 499, 27 L.Ed.2d 532 (1971); Scott v. Anderson, 405 So.2d 228, 237 (Fla. 1st DCA 1981).
As was stated in In re Marriage of Neiswinger, 467 N.E.2d 43, 46 (Ind.Ct.App.1984):
In making our decision, we must strike a balance between vindicating the interests of the court and the interests of the accused. Ungar v. Sarafite, (1964) 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921. When the trial court charged Meyer with direct contempt, it was no longer motivated by the need to preserve the respect and orderly administration of its courtroom. Without this preservation factor there was no urgency compelling the trial judge himself to impose the contempt judgment. Absent this, due process requires the trial judge to recuse himself in order that someone other than the con-temnor’s accuser may conduct a hearing on the contempt charge and determine the proper punishment. Mayberry v. Pennsylvania, (1971) 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532. This slight *165 delay will injure no public or private right and will foreclose even the appearance that the trial judge is acting vindictively in punishing one for direct contempt after the trial. See Cooke v. United States, (1925) 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767; Johnson, [v. State, (Ind.App. 3 Dist.1981) 426 N.E.2d 104], supra.
We reverse and remand for a new hearing with instructions that another judge, neutral and detached, be assigned to conduct the contempt proceeding against N K Fields. Written notice of such assignment shall be given all parties hereto and within 20 days of such notice appellant may make and serve a new motion to quash rule to show cause on grounds of privilege and a new motion or request for jury trial; the newly assigned judge shall hold a hearing upon such new motions promptly after their filing before proceeding with the trial of the rule to show cause.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.
HERSEY, C.J., dissents without opinion.